## IN UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO.: 1:18-CR-00495** |
| | ) | |
| vs. | ) | **JUDGE: PATRICIA GAUGHAN** |
| | ) | |
| **DWAYNE TAYLOR** | ) | |

## SENTENCING MEMORANDUM

Now comes Defendant, Dwayne Taylor, by and through his undersigned counsel, Catherine Meehan, who hereby submits this Sentencing Memorandum setting forth factors for the Court's consideration in determining an appropriate sentence that is sufficient but not greater than necessary to comply with the statutory directives set forth in 18 U.S.C. 3553(a).

Defendant moves this Honorable Court to consider the following factors in determining an appropriate sentence that is sufficient but not greater than necessary to comply with the statutory directives set forth in 18 U.S.C. 3553(a). The overriding purposes of sentencing are to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. 3552 (a)(2). Furthermore, while the Court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range, the Guidelines are only one of the factors to be considered when imposing a sentence. *Gall v. United States*, 552 U.S. 38, 49, 128 S. Ct. 586, 169 L.Ed. 2d 445 (2007).

In this case, the purposes of 18 U.S.C. 3553(a) will be best served by imposing a sentence based on the plea agreement. This Honorable Court should consider the imposition of the minimum sentence necessary to achieve the goals of sentencing and provide just punishment for the offense. A minimum sentence based on the plea agreement will also adequately deter future criminal conduct as well as protect the public from suffering future harm.

The plea agreement indicates agreement on all elements and aggravating factors. Pursuant to the plea agreement, the parties stipulated to a guideline computation. The agreed base offense level is 20, and due to possession of a firearm in connection to a felony drug offense, the base level increased by 4 levels pursuant to § 2K2.1(b)(6)(B). Prior to acceptance of responsibility the parties stipulated that offense level is 24. Defendant respectfully requests that this Honorable Court calculate his offense level and guideline range in accordance with the plea agreement, rendering a finding of offense level 24 before acceptance of responsibility.

In addition, Defendant makes absolutely no excuses for his behavior in this case. He was fully complaint with law enforcement at the time of his arrest. He provided details of his conduct and provided contraband directly to law enforcement. Unfortunately, Defendant has lived a life that involves selling drugs. He is hopeful that in the future he can move forward on another path and become a productive member of society. Defendant is well aware that the predicted guideline calculation in this case will require that he serve an extensive period of time in prison. He has been mentally and emotionally preparing himself for such a sentence since the beginning of proceedings, which has made a very deep impact on his perspective and values.

Defendant also has the support of his family and friends to encourage a law-abiding lifestyle. He values his relationship with his girlfriend, Brittany Makuch, and has developed even stronger ties to his family and friends during these proceedings. His desire it to become a better father to his four

children and he would like to instill upon them a good work ethic and a strong base in faith. Defendant is currently a member of the Original Church of God and has goals of getting into construction when he's completed his prison term.  His goal is to provide a better life for his children. Defendant has two young children with his current girlfriend, ages six and four, as well as an 18-year-old and 18-month old with two other women. He does not require an unnecessarily long term in prison to illuminate the right path. As his girlfriend indicates, Defendant is trying to live a better life. With a better support system in place, Defendant will have the tools to become a better, productive member of society upon his release.  A sentence on the lower end of the guideline range, as stipulated to in the plea agreement, is sufficient but not great than necessary to comply with the statutory directives set for in 18 U.S.C. 3353(a).

      Wherefore, Defendant prays this Honorable Court, impose a minimum sentence based on the plea agreement.

Respectfully Submitted,

**PATITUCE & ASSOCIATES, LLC**

**By: /s/ Catherine R. Meehan**
Catherine R. Meehan (#0088275)
Attorney for Defendant
26777 Lorain Rd. Suite 1
North Olmsted, Ohio 44070
Phone:  (440) 471-7784
Fax: (440) 398-0536
attorney@patitucelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Sentencing Memorandum has been forwarded to all parties via the clerk's office electronic filing on the 7th day of May, 2019.

                                                **/s/ Catherine R. Meehan**
                                                Catherine R. Meehan (#0088275)